IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SELVIE GRIFFIN, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Act. No.: 1:19-cv-604-ECM |
| ) | (WO) |
| BIOMAT USA, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is a motion to strike the expert report of Kay Coulter and a motion for partial summary judgment, filed by the Plaintiff, Selvie Griffin ("Griffin"). (Doc. 65).

Griffin brings negligence claims against Biomat USA, Inc. ("Biomat"). Griffin has moved for summary judgment only on the issue of breach of the standard of care.

Griffin also has moved to strike the expert report of Biomat's expert, Kay Coulter. In response to that motion, Biomat has withdrawn the expert. (Doc. 69 at 1). The motion to strike is, therefore, due to be DENIED as moot.

Upon consideration of the briefs, the record, and the applicable law, and for the reasons that follow, the motion for partial summary judgment is due to be GRANTED in part and DENIED in part.

## I. JURISDICTION

The Court exercises subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332.[1]  Personal jurisdiction and venue are uncontested.

## II. LEGAL STANDARD

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting FED.R.CIV.P. 56(a)).  "[A] court generally must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016).  However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018).  If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The movant may carry this burden "by demonstrating that the nonmoving party has failed

---

[1] The Complaint seeks damages for permanent injury and alleges that Griffin will have future medical expenses due to his injury. (Doc. 1 at 8).  The Court is satisfied, therefore, that the requisite amount in controversy is at issue in this case.

to present sufficient evidence to support an essential element of the case." *Id.* The burden then shifts to the non-moving party to establish, by going beyond the pleadings, that a genuine issue of material fact exists. *Id.* at 1311–12.

### III. FACTS[2] AND PROCEDURAL HISTORY

On May 17, 2017, Griffin went to Biomat's Dothan, Alabama location to donate plasma. (Doc. 65-1 at 4). Griffin suffered a hematoma, pain, muscle twitching, and weakness as a result of his attempted donation. (Doc. 65-2).

Former Biomat employee Charity Johnson ("Johnson") did the initial needle stick of Griffin for his plasma donation. Johnson was a phlebotomist. Expert Deyal Donna Riley ("Riley") has offered the opinion that Johnson's actions in attempting to withdraw Griffin's plasma breached the standard of care.

Griffin deposed Johnson under subpoena on October 7, 2020. Johnson testified that she does not remember Griffin. Apparently by prior agreement, Johnson left the deposition before it was completed in order to pick up her children. (Doc. 68-8 at 31). Although the attorney informed her during the deposition that her deposition would likely be reconvened, (*id.*), it was not. Discovery closed on June 14, 2021. (Doc. 49). The attorney for Biomat states in a declaration that his office unsuccessfully attempted multiple times to reach Johnson by telephone and text message. (Doc. 70 at 2).

---

[2] Griffin has somewhat unconventionally cited to the facts as recounted by his expert witness, Deyal Donna Riley, who in turn sets forth that they are drawn from Griffin's answers to interrogatories, among other sources. Although Biomat challenges this format, the Court has considered this evidence from the expert, but in a light most favorable to the non-movant.

Another Biomat employee, Tammie James ("James"), also was deposed in this case. James does not remember Griffin. Riley's expert report relies on facts that, according to Griffin, James manipulated and moved the needle in Griffin's arm. Griffin said that he screamed because he felt the needle touch something and asked her to stop the procedure, but she did not stop. James denies that she ever had a donor complain of pain during a donation. Riley has offered an opinion that James' actions breached the standard of care.

## IV.   DISCUSSION

Griffin moves for partial summary judgment on the issue of breach of the standard of care and argues that the only issues left for trial are causation and damages. In response, Biomat argues that summary judgment should be denied because Biomat is unable to respond appropriately to Griffin's evidence regarding Johnson and that there are issues of fact raised by James' deposition testimony. The Court addresses separately these two issues.

### A.  Evidence Regarding Johnson's Actions and the Standard of Care

The evidence presented by Griffin about Johnson comes in the form of an opinion of Biomat's expert, Riley, that Johnson breached the standard of care by failing to use a proper set up and blood draw procedure, by puncturing Griffin's arm without locating a suitable vessel, and by leaving an unproductive needle in Griffin's arm. (Doc. 65-1). Griffin contends that because Biomat has withdrawn its expert, Biomat cannot offer any expert testimony to rebut Riley's opinions, so there can be no issue of material fact regarding the standard of care.

In response, Biomat argues that because Johnson ended her deposition before Biomat's counsel could question her, pursuant to *Federal Rule of Civil Procedure* 56(d), the facts from Johnson are not available. Biomat's counsel presents a declaration in which he states that his office made multiple unsuccessful attempts by telephone and text message to contact Johnson. (Doc. 70). Biomat asks the Court to delay ruling on the motion for summary judgment until Johnson's deposition can be completed.

Griffin argues in response that counsel's declaration does not satisfy the requirements of Rule 56(d), but even if it did, counsel has not demonstrated that he was unable to complete the deposition during the eight months between Johnson's deposition and the close of discovery. Griffin points out that the deposition of Johnson occurred on October 7, 2020, but discovery did not close until June 14, 2021. Griffin acknowledges that Biomat's attorney states in his declaration that he unsuccessfully attempted to call or text Johnson, but argues that he offers no explanation for why he did not seek the discovery mechanisms available to Biomat.

When deciding whether a Rule 56(d) affidavit warrants a delay in deciding a motion for summary judgment, courts consider factors such as whether the reason for the failure to proffer evidence is "dilatory or lacking in merits," whether the party has been unable to locate a witness, whether the party has been unable to secure an affidavit and does not have time to take the witness' deposition, whether the information is within the control of the opposing party, and whether a witness is within the subpoena power of the court. *See Walters v. City of Ocean Springs*, 626 F.2d 1317, 1322 (5th Cir. 1980) (applying former

Rule 56(f))[3]; *see also Est. of Todashev by Shibly v. United States*, 815 F. App'x 446, 453 (11th Cir. 2020) (citing *Walters* in a Rule 56(d) analysis). "The most common situation in which [Rule 56(d)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with [Rule 56(d)] but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of the motion for that purpose." *Walters*, 626 F.3d at 1322 (quoting 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2740, at 726 (1973)). In this case, Johnson's deposition ended prematurely and was never completed. Biomat asks for this Court to ignore that discovery has closed, and allow for a deposition which could have been completed in the months which elapsed between Johnson's deposition and the close of discovery. In the absence of any explanation for why Biomat did not make use of the discovery mechanisms available to it after Johnson's deposition ended, the Court concludes that the relevant factors weigh against delaying the decision on the motion for partial summary judgment.

Johnson's testimony is that she remembers "nothing" about the interaction with Griffin. (Doc. 68-3 at 121: 2-16). Another judge of this district persuasively reasoned that "a witness who states that he cannot remember whether or not an event alleged to have happened by the moving party actually took place does not help the nonmoving party to meet its burden." *Chandler v. James*, 985 F. Supp. 1094, 1100 (M.D. Ala. 1997). Because Johnson cannot recall the incident in any way, her testimony does not create a genuine

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

issue of fact regarding Griffin's version of her participation in Griffin's plasma draw. *See id.* Riley's opinion as to the standard of care is based on Griffin's version of Johnson's actions.  Therefore, there are no genuine issues of fact as to the breach of the standard of care by Johnson and summary judgment is due to be GRANTED as to that issue.

      B.  Evidence Regarding James' Actions and the Standard of Care

James was deposed and did not recall Griffin specifically.  Unlike Johnson, however, in her deposition, James was asked about specific examples of events occurring during blood drawing procedures and her response to them.  Griffin has urged this Court not to consider the testimony, arguing that the evidence is character or habit evidence offered without foundation and, therefore, is not reducible to admissible form.

When given additional time to address the argument that its evidence is not reducible to admissible form, Biomat has argued that it is not seeking to rely on character evidence or to establish a habit, but is instead offering James' testimony to show that the events described by Griffin did not occur.  In other words, Biomat does not contend that the Court should consider its evidence as habit or character evidence, but instead argues that the Court should consider the evidence as disputing Griffin's version of the events.

At one point in her deposition, James testifies about how she would act in a hypothetical situation. (Doc. 68-4 at 93).  Additionally, in response to some questions, James testifies that she does not remember something happening. (*Id.* at 118).  These aspects of James' deposition do not support Biomat's argument that James has refuted Griffin's version of the events. *See Chandler*, 985 F. Supp. at 1100.  There are also, however, specific denials by James.  When asked how often she pulled a needle out and

7

got a supervisor because no blood had been drawn, James answered that that "never occurred." (Doc. 68-4 at 94: 13-21). When asked whether she "ever" had a donor complain about pain creating numbness or tingling, James answered, "no." (*Id.* at 100: 1-4).

In her expert report on the standard of care, Riley largely relies on Griffin's version of the events, which are contradicted by James, as set out above. For example, Riley offers the opinion that manipulations of the needle by the phlebotomist "should not have been done in light of Plaintiff's complaints of pain," and that a phlebotomist should ask the patient if he wants to stop and to describe the pain complained of verbally. (Doc. 65-1 at 7, 8). James, however, testified that she had never had a donor complain of pain. (Doc. 68-4 at 100: 1-4). A reasonable inference can be drawn, therefore, that she does not remember Griffin crying out in pain because she is able to recall that no donor has ever done that. To the extent, therefore, that James has affirmatively denied that an action occurred which was relied on by Riley, Biomat has created a genuine issue of material fact. Accordingly, summary judgment must be DENIED as to the issue of a breach of the standard of care by James.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The motion to strike expert report of Kay Coulter (doc. 65) is DENIED as moot.

2. The Plaintiff's motion for partial summary judgment (doc. 65) is GRANTED as to the issue of a breach of the standard of care by Johnson and is DENIED as to the issue of a breach of the standard of care by James.

8

DONE this 29th day of October, 2021.

                                              /s/ Emily C. Marks  
                                              EMILY C. MARKS  
                                              CHIEF UNITED STATES DISTRICT JUDGE