IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SELVIE GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 1:19-cv-604-ECM |
| | ) [WO] |
| BIOMAT USA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Now pending before the Court is the Defendant Biomat USA, Inc.'s ("Biomat") Motion to Alter or Amend Order Granting Plaintiff Partial Summary Judgment. (Doc. 103). Biomat asks the Court to amend its former order granting partial summary judgment to Plaintiff Selvie Griffin ("Griffin") on the grounds that the Court made manifest errors of law and fact. Biomat believes that these errors warrant a denial of partial summary judgment instead. For the reasons explained below, the motion to alter (doc. 103) is due to be DENIED.

**II.   BACKGROUND**

This case flows from an incident on May 17, 2018, in which Griffin tried to donate plasma at a facility owned and operated by Biomat. Following what Griffin alleges was negligent mistreatment, he claims he was injured, and so sued Biomat.

During discovery, Griffin deposed Charity Johnson ("Johnson"), a phlebotomist who performed the initial blood draw procedure on him at Biomat's facility. During the deposition, Johnson testified that she had no recollection of Griffin. However, Biomat's counsel did not get the chance to question Johnson—by apparent earlier agreement, the deposition ended early. According to Biomat's counsel, he tried repeatedly over the next few months to contact Johnson and get the deposition reconvened. He was unsuccessful in doing so—discovery closed without Johnson sitting for further questioning.

The parties had more success in deposing Tammie James ("James"), a second Biomat phlebotomist. While she too testified in deposition that she did not remember Griffin, she mentioned that she had never had a donor complain of pain during a donation, something Griffin alleged he did to no avail during his incident.

Meanwhile, Biomat and Griffin also designated experts who submitted reports regarding Johnson's and James' applicable standards of care. Griffin's expert, Deyal Riley, relying upon Griffin's characterization of the incident, opined that both Johnson's and James' actions during the procedure breached the standard of care. Biomat's expert, Gayle Coulter, unsurprisingly disagreed.

However, shortly after Coulter's report was provided to Griffin, he moved the Court to strike her report as deficient under Rule 26 of the Federal Rules of Civil Procedure, as well as to grant him partial summary judgment on the issues of Johnson's and James' breach of the standard of care. Because, he argued, the report was deficient and thus required to be struck under Rule 37, and because nothing else in the record explicitly

disputed his version of the incident or that the phlebotomists breached the standard of care, he was entitled to a judgment in his favor on that point. Before the Court ruled on that motion, Biomat voluntarily withdrew Coulter's designation as an expert witness.

The Court then granted Griffin's motion in part. The Court found that because a witness's failure to recall an incident could not in itself establish a genuine dispute of material fact, and since nothing else in the record disputed that Johnson breached the standard of care, summary judgment as to her breach of that standard was warranted. By contrast, the Court found that because Griffin alleged he cried out in pain, while James testified she never had a donor do that, a genuine dispute existed, and so summary judgment as to her breach was improper.

Biomat now asks the Court to alter or amend that grant of partial summary judgment.

### III. ANALYSIS

Reconsidering a judgment pursuant to Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Barbee v. Berryhill*, 350 F. Supp. 3d 1209, 1212 (N.D. Ala. 2018) (quotations and citation omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (alteration in original) (quotations and citation omitted). Such a motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (quotations and citation omitted).

If a party raises an argument it failed to raise earlier, the argument "will be deemed waived." *Barbee*, 350 F. Supp. 3d at 1212 (quotations and citation omitted).

Biomat argues that in the Court's order granting partial summary judgment to Griffin, the Court made several manifest errors of law and fact. First, it argues that because Johnson was never asked to address Griffin's *specific* allegations, she should be allowed to testify at trial. Second, it argues that Johnson gave testimony of a kind similar to that given by James, the latter of which the Court found sufficient to establish a genuine dispute of material fact.

To start, that Biomat argues Johnson should be allowed to testify at trial because she was never explicitly asked about Griffin's version of events is not new. In its brief opposing summary judgment, Biomat argued that "Plaintiff['s] counsel never presented Ms. Johnson with the scenario Plaintiff alleges against her . . . [and] she was never asked about the highly unusual events attributed to her on [the date of the incident]." (Doc. 69, para. 7). Thus, Biomat argued, because she "was never given opportunity to admit or deny alleged, material facts that make up Plaintiff's case," (*id.*), "the record as concerns Ms. Johnson is not ripe for Plaintiff's dispositive motion . . . [and] the motion should be denied," (*id.*, para. 10).

The Court already considered this argument and found it wanting. A Rule 59(e) motion is not the time "to relitigate old matters," *Arthur*, 500 F.3d at 1343 (quotation and citation omitted), and so Biomat needs more than just the same argument it made before to succeed on its motion.

4

Biomat tries to paint a new gloss on its old argument by asserting that a case the Court relied upon in its order, *Chandler v. James*, 985 F. Supp. 1094 (M.D. Ala. 1997), is inapplicable to the matter here.  In its summary judgment order, the Court cited *Chandler* for the proposition that "a witness who states that he cannot remember whether or not an event alleged to have happened by the moving party actually took place does not help the nonmoving party to meet its burden [to establish a genuine dispute of material fact]." (Doc. 75 at 6 (quoting *Chandler*, 985 F. Supp. at 1100)).  Biomat argues that *Chandler*'s facts and those here "could not be in further opposition." (Doc. 103 at 2).  Whereas this case involves allegations of negligent venipuncture, *Chandler* involved prayers and devotionals in public schools in alleged violation of the First Amendment. (*Id.* at 2–3 (citing *Chandler*, 985 F. Supp. at 1098–1104).  Additionally, Biomat asserts the defendants in *Chandler conceded* the material fact in question, which Biomat refuses to do. (*Id.* at 3).  These errors, says Biomat, led the Court to determine that since Johnson "did not remember Plaintiff, she must not be able to recall or otherwise deny Plaintiff's version of how that alleged incident occurred[,] . . . a misstatement of fact which, when relied upon by this Court, resulted in a manifest error of law." (*Id.* at 2).

Biomat misconstrues the Court's findings.  The Court did not determine that Johnson could not recall or deny Griffin's specific allegations of how the incident occurred.  Rather, the Court determined that no denial or refutation of Griffin's allegations (as pertain to Johnson) were in the record.  This is a subtle but crucial distinction.  To defeat Griffin's motion for summary judgment, Biomat needed to point to *evidence in the record* that

established a dispute of fact—merely asserting that Johnson *could have* denied Griffin's allegations had she been asked (an assertion the Court neither accepts nor rejects) is insufficient.

And even so, Biomat overstates the differences between *Chandler* and the posture the Court faced on Griffin's previous motion. Both situations involved the same basic question: whether a genuine dispute of material fact existed such that a trial was warranted.

The defendants in *Chandler* did *not* concede the material fact that "devotionals of a religious nature were held at the high school." (Doc. 103 at 3). Instead, evidence indicated the defendants (and their witnesses) contended the devotionals were "non-sectarian," "not religious," "not of a religious nature," and often contained "no religious references." *Chandler*, 985 F. Supp. at 1099. While many of these contentions were contradicted by other evidence (often from the same witnesses), the court was focused specifically on whether a dispute of material fact could arise from testimony that witnesses could not recall the content of specific devotionals:

> Testimony about "nonreligious" devotionals that ended with a prayer and that were conducted with the protection of a statute that permits "student-initiated prayer, invocations and benedictions" at school events does not establish a genuine issue of material fact. Similarly, a witness who states that he cannot remember whether or not an event alleged to have happened by the moving party actually took place does not help the nonmoving party to meet its burden. The nonmoving party *must come up with evidence that negates the version of events alleged by the moving party*—an acknowledgment that the event may have occurred, but the witness cannot remember, falls short.

*Id.* at 1099–1100 (emphasis added). That the witnesses could not remember the content of the specific devotionals that were "'not necessarily' prayer and Bible reading" was

6

insufficient to create a dispute of fact *as to what happened in those devotionals*. *Id.* at 1099. So too here was Johnson's testimony that she did not remember Griffin insufficient to create a dispute of fact as to his alleged version of the events. *See also Torjagbo v. United States*, 285 F. App'x 615, 619 (11th Cir. 2008) (affirming the district court's conclusion that a mere inability to remember signing a covenant did not raise a genuine issue of fact as to the authenticity of the signature); *Linao v. GCR Tire Centers*, 2010 WL 4683508, at *5 (N.D. Ga. Nov. 12, 2010) ("[W]here the only evidence negating the existence of an event is a witness's failure to remember that event, other courts have declined to find a genuine issue of fact for summary judgment purposes." (citation omitted)). The Court finds no error of law.

In the alternative, Biomat argues that the Court erred in how it *interpreted* Johnson's testimony. During Johnson's deposition, she testified that she "probably" had been written up before for a problem with a venipuncture, but that she "didn't get written up for, [she] didn't] think, hurting anybody." (Doc. 103 at 5–6 (quoting doc. 68-3 at 79:8–17)). Biomat asserts that the Court should have drawn the "reasonable inference" that because Johnson testified she had never been written up for hurting a donor, she did not recall any incident Griffin alleges, and thus "affirmatively denied hurting Plaintiff thus creating a genuine issue of material fact." (*Id.* at 6).

Putting aside whether this is indeed a *reasonable* inference to draw, it remains that this argument was available during Biomat's earlier briefing on Griffin's motion for partial

summary judgment.[1]  If Biomat believed that the Court should have drawn this inference then, upon testimony already elicited and in the record, it should have said so.  For just as a motion to alter is not the time to relitigate old matters, neither is it the time to "raise argument . . . that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quotations and citation omitted); *see also O'Neal v. Kennamer*, 958 F.3d 1044, 1047 (11th Cir. 1992) ("Denial of a motion to amend is *especially* soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." (emphasis added) (quotation and citation omitted)).

### IV.   CONCLUSION

Accordingly, it is hereby

ORDERED that Biomat's motion to alter (doc. 103) is DENIED.

Done this 10th day of February, 2022.

                            /s/Emily C. Marks
                            EMILY C. MARKS
                            CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Especially considering that Biomat made a similar argument for James' testimony, an argument the Court found convincing. (*See* Doc. 69, paras. 11–14; Doc. 75 at 7–8).